[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Timothy King appeals the judgments of conviction entered by the trial court following a jury trial. The jury had found King guilty of two counts of rape in violation of R.C. 2907.02(A)(2) and one count of kidnapping in violation of R.C. 2905.01. All of the offenses were felonies of the first degree. The trial court found King guilty of the sexually-violent-predator specification to all three counts and guilty of the specification to count three that alleged that King had committed the offense with a sexual motivation. King was sentenced to ten years to life on each count.
On appeal, King claims that his convictions for rape were based on insufficient evidence and contrary to the manifest weight of the evidence. He claims also that the trial court erred in overruling his Crim.R. 29 motion for acquittal during the trial. Finally, he challenges the trial court's imposition of the maximum sentence for each of the counts.
To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[1] Similarly, a motion for acquittal pursuant to Crim.R. 29 challenges the sufficiency of the evidence and may not be granted if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.[2]
After reviewing the record in this case, we hold that the evidence was sufficient to support King's convictions for rape and kidnapping. The testimony of the state's main witness, the victim, established all of the elements of the offenses beyond a reasonable doubt. We therefore overrule King's second assignment of error.
To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
We have reviewed the entire record in this case and considered the credibility of the witnesses. The victim's testimony regarding the events was corroborated by the physical evidence in the case and the testimony of the investigating police officers. We cannot say that the jury lost its way in resolving conflicts in the evidence or created a manifest miscarriage of justice. We therefore overrule King's third assignment of error.
King also challenges the trial court's imposition of the maximum sentence for rape and kidnapping. In imposing the maximum sentence, the trial court found that King posed the greatest likelihood of recidivism, and the record supports that finding. King had two previous convictions for sexual battery, as well as convictions for other offenses, and he had violated the terms of his parole. He was also under indictment for felonious assault at the time he was convicted of the offenses in this case. Thus, we hold that the trial court did not err in finding that King posed the greatest likelihood of recidivism and in imposing maximum sentences on that ground.[4]
The trial court also found that King was a repeat violent offender. King correctly notes that he could not have been found to be a repeat violent offender because no such specification was included in the indictment.[5] The trial court could not have based the imposition of a maximum sentence on the finding that King was a repeat violent offender. However, the trial court's finding in this regard was harmless. The record supports the trial court's finding that King posed the greatest likelihood of recidivism, and that finding alone was sufficient to support the imposition of maximum sentences. We therefore overrule King's first assignment of error.
Therefore, the judgment of the trial court is affirmed. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
 _______________________________ Presiding Judge
[1] See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184.
[3] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720; State v. Thompkins (1997), 78 Ohio St.3d 380,386, 678 N.E.2d 541, 546.
[4] See R.C. 2929.14(C).
[5] See R.C. 2941.149.